UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARK J. VANDENBURGH,

                    Plaintiff,              NO. CV-08-863-EFS

          v.
                                            **ORDER REQUIRING PLAINTIFF TO**
SOLANO COUNTY, SOLANO COUNTY                **FILE AN AMENDED COMPLAINT**
SHERIFF'S DEPARTMENT,

                    Defendants.

    Before the Court is *pro se* state prisoner Plaintiff Mark J.
Vandenburgh's Complaint, alleging various constitutional violations under
42 U.S.C. § 1983 (Ct. Rec. 1), and related Application to Proceed In
Forma Pauperis (Ct. Rec. 2).  Under the Prisoner Litigation Reform Act
of 1995, the Court is required to screen prisoner complaints seeking
relief against a governmental entity or an officer or employee of a
governmental entity.  28 U.S.C. § 1915A(a).  Claims that are legally
frivolous or malicious, claims that fail to state a claim upon which
relief may be granted, and claims that seek monetary relief from a
defendant who is immune from such relief are properly dismissed.  *Id.* at
§§ 1915A(b)(1), (2) & 1915(e)(2).  After review, the Court finds an
amended complaint is required.  The reasons for the Court's Order are set
forth below.

ORDER * 1

1    Plaintiff alleges that Correctional Officers ("CO") Pimentel and
2  Jolio violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights
3  by executing a search warrant on his cell and seizing several items,
4  including legal materials.  (Ct. Rec. 1 at 5.)

5    Section 1983 creates a cause of action for the "deprivation of any
6  rights, privileges, or immunities secured by the Constitution and the
7  law" of the United States.  Establishing a section 1983 claim requires
8  a plaintiff to show: 1) that a right secured by the Constitution or laws
9  of the United States was violated, and 2) that the alleged violation was
10  committed by a person acting under the color of State law.  *Long v.*
11  *County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person
12  deprives another of a constitutional right, within the meaning of section
13  1983, if he does an affirmative act, participates in another's
14  affirmative acts, or omits to perform an act which he is legally required
15  to do that causes the deprivation of which the plaintiff complains."
16  *Redman v. County of San Diego,* 942 F.2d 1435, 1439 (9th Cir. 1991)
17  (internal quotations and brackets omitted) (citation omitted).

18    A plaintiff's section 1983 complaint must set forth specific facts
19  demonstrating how the named defendants caused or personally participated
20  in depriving the plaintiff of his or her protected rights.  *See Arnold*
21  *v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d
22  1040, 1045 (9th Cir. 1989).  It is important to remember, however, that
23  *pro* se plaintiffs are held "to less stringent standards than formal
24  pleadings drafted by lawyers."  *Haines v. Kerner,* 404 U.S. 519, 519-20
25  (1972).  Courts must construe pleadings liberally and afford *pro se*
26

ORDER * 2

1  plaintiffs any benefit of the doubt.  *Jackson v. Carey,* 353 F.3d 750, 757
2  (9th Cir. 2003).

3      Here, even viewing Plaintiff's complaint liberally, it fails to set
4  forth cognizable section 1983 claims against the named Defendants.  The
5  Court notes four (4) problems with Plaintiff's complaint.  First,
6  Plaintiff alleges that COs Pimental and Jolio violated his constitutional
7  rights, but these individuals are not named defendants.  Plaintiff would
8  need to name these individuals as defendants and sue them "in their
9  individual capacity" in order to obtain recovery from their personal
10 finances.  *Hafer v. Malo*, 502 U.S. 21, 25 (1991).  Moreover, Plaintiff
11 needs to identify how these individuals specifically violated his
12 constitutionally protected rights.

13     Second, Plaintiff names as defendants both Solano County and Solano
14 County Sheriff's Department.  Sheriff's departments and police
15 departments are not generally considered legal entities subject to suit,
16 *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), but "capacity
17 to sue or be sued shall be determined by the law of the state in which
18 the district court is held."  FED. R. CIV. P. 17(b).  Because California
19 law permits sheriff's departments to be sued, also naming Solano County
20 as a defendant is redundant.  *See Streit v. County of Los Angeles*, 236
21 F.3d 552, 565 (9th Cir.), *cert. denied*, 534 U.S. 823 (2001) (finding that
22 sheriff's departments are public entities under California law and can
23 therefore be sued in federal court for alleged civil rights violations).

24     Third, while Plaintiff is permitted to sue Solano County Sheriff's
25 Department, the department cannot be liable under section 1983 solely
26 because it hired an employee who became a constitutional wrongdoer.

ORDER * 3

1   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Therefore,

2   Solano County Sheriff's Department is subject to section 1983 liability

3   only if Plaintiff's alleged constitutional violations can be attributed

4   to the enforcement of a municipal policy, practice, or decision of a

5   final municipal policy maker.  *Id.* at 694.  Here, Plaintiff's complaint

6   does not identify any such policy, practice, or decision.

7       Fourth, while it is true that confiscating a prisoner's legal mail

8   may impede his access to the courts, access to court claims are protected

9   by the First Amendment, and no First Amendment violation is alleged.

10   *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *Rizzo v. Dawson*, 778 F.2d 527,

11   531 (9th Cir. 1985).

12       In sum, Plaintiff's complaint is deficient.  When deficiencies in

13   the complaint exist, a *pro* se litigant must be given an opportunity to

14   amend his complaint unless it is absolutely clear that the deficiencies

15   could not be cured by amendment.  *See Lopez v. Smith,* 203 F.3d 1122, 1128

16   (9th Cir. 2000) (en banc).  Accordingly, Plaintiff may submit an amended

17   complaint within **sixty (60) days** of the date of this Order.  The amended

18   complaint shall:

19       1.   be legibly rewritten or retyped in its entirety;

20       2.   be an original and not a copy and may not incorporate any part

21           of the original complaint by reference;

22       3.   be a single document;

23       4.   be clearly labeled "First Amended Complaint" and cause number

24           CV-08-863-EFS must be written in the caption.  The first

25           amended complaint will operate as a complete substitute for -

26           rather than a supplement to - the present complaint;

ORDER * 4

5.   contain a section titled: **Parties.** This section shall identify all the defendants who caused the alleged deprivation of Plaintiff's constitutional rights.   If Plaintiff names individuals, he shall identity that he is suing these individuals "in their individual capacity";

6.   contain a section titled: **Facts.** This section shall set forth the facts that comprise Plaintiff's cause of action, i.e., identify what each individual Defendant did with specificity and when.   Each factual allegation shall be set forth in separate, numbered paragraphs;

7.   contain a section titled: **Claims.** This section shall set forth the claims showing that Plaintiff is entitled to relief, i.e., identify what constitutional rights Defendants allegedly violated **and how.**   If Plaintiff intends to pursue a claim against Defendant Solano County Sheriff's Department, then he shall allege in what policy, practice, or decision violated his constitutional rights; and

8.   contain a section titled: **Prayer for Relief.**   This section shall set forth what relief Plaintiff seeks.

Plaintiff's first amended complaint must also comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants).   As a courtesy, the Clerk's Office will send Plaintiff a copy of the Local Rules.

ORDER * 5

1    **Plaintiff is cautioned that if he fails to amend within sixty (60)**
2    **days as directed, the Court will dismiss the complaint for failure to**
3    **state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).**  Pursuant
4    to 28 U.S.C. § 1915(g), a prisoner who brings three (3) or more civil
5    actions or appeals that are dismissed because they are legally frivolous,
6    malicious, or fail to state a claim, will be precluded from bringing any
7    other civil action or appeal *in forma pauperis* "unless the prisoner is
8    under imminent danger of serious physical injury."

9        If Plaintiff chooses to amend his complaint, and the Court finds the
10   amended complaint is frivolous, malicious, or fails to state a claim, the
11   amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1)
12   and 1915(e)(2).  Such a dismissal would count as one of the dismissals
13   under 28 U.S.C. § 1915(g).

14       Alternatively, the Court will permit Plaintiff to voluntarily
15   dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil
16   Procedure.  Plaintiff may submit the attached Motion to Voluntarily
17   Dismiss the Complaint within **sixty (60) days** of the date of this Order
18   or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a
19   "strike" under 28 U.S.C. § 1915(g).  A voluntary dismissal within this
20   sixty-day period will not count as a strike.

21       Plaintiff is still obligated to pay the full filing fee of $350.00.
22   However, if Plaintiff elects to take a voluntary dismissal within the
23   sixty-day period, Plaintiff may simultaneously file a separate Affidavit
24   and Motion to waive collection of the remaining balance of the filing fee
25   in this action.  The Court will grant such a motion only for good cause
26   shown.  In no event will prior partial payments be refunded to Plaintiff.

ORDER * 6

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

2    this Order and forward a copy to Plaintiff, along with a form Motion to

3    Voluntarily Dismiss Complaint, a civil rights complaint form, and a copy

4    of the Local Rules for the Eastern District of California.

5    **DATED** this  29th   day of December 2008.

6

7                         s/Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge
8

Q:\Civil\Other Cts\CA-ED\ED.CA.863.Screen.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 7

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8
9
10

MARK J. VANDENBURGH,

11                    Plaintiff,          NO. CV-08-863-EFS

12        v.                              MOTION TO VOLUNTARILY DISMISS
                                          COMPLAINT
13   SOLANO COUNTY, SOLANO COUNTY
     SHERIFF'S DEPARTMENT,
14
                    Defendants.
15

16        Plaintiff Mark J. Vandenburgh requests that the Court grant his

17   Motion to Voluntarily Dismiss the Complaint pursuant to Federal Rule of

18   Civil Procedure 41(a).  Plaintiff is proceeding *pro se*; Defendants have

19   not been served in this action.

20

21        **DATED** this_____day of _____ 2009.

22

23                    _____ _____

24                         MARK J. VANDENBURGH

25

26

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1